UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-274 |
| JAMES BROWN JR. | SECTION A(1) |

## ORDER AND REASONS

Before the Court is defendant James Brown Jr.'s **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 145).** The Government filed an opposition to the motion. (Rec. 153).

**I. Background**

On September 16, 2014, Brown pleaded guilty to Count 1 charging the defendant with conspiracy to distribute and possess with intent to distribute 100 grams or more of a substance containing a detectable amount of heroin pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and Count 7 charging the defendant with possession of a firearm by a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2) of an eight-count superseding indictment. The guidelines for Count 1 are determined under U.S.S.G. § 2D1.1. The guidelines for Count 7 are determined under U.S.S.G. § 2K2.1. Pursuant to U.S.S.G. § 3D1.3(a), the higher guidelines of were used for the base offense level. The Court determined Brown's total offense level to be 23 and criminal history category of V which would have resulted in an advisory guideline imprisonment range of 84 to 105 months. However, because Count 1 had a statutory minimum sentence of 120 months, the guideline sentence was restricted to 120 months, pursuant to U.S.S.G. § 5G1.1(b).

On December 16, 2014, the Court sentenced Brown to a term of 120 months, as to counts 1 and 7, to run concurrently. (Rec. Doc. 130). However, Brown now challenges his original sentence as it relates to Count 7 by arguing that the definition of "crime of violence" in the advisory Sentencing Guidelines is unconstitutionally vague according to *Johnson v. United States*, 135 S. Ct. 2551. (Rec. Doc. 145). Brown moves for the Court to correct his sentence claiming that his Fifth Amendment Due Process rights have been violated for being sentenced under an unconstitutionally vague Sentencing Guideline. This motion was stayed pending the Supreme Court's decision is *Beckles v. United States*, 137 S. Ct. 886 (2017).

**II.     Analysis**

Two years prior to *Beckles*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Therefore, the clause was held to have violated the Constitution's guarantee of Due Process. *Id.*

Thereafter, the Supreme Court in *Beckles* analyzed whether the residual clause of U.S.S.G. § 4B1.2(a)(2) of the Federal Sentencing Guidelines was void for being unconstitutionally vague. (Cite). The Supreme Court in *Beckles* determined that the Federal Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Beckles*, at 894.

*Johnson*, which the Supreme Court made retroactive to cases on collateral review, addresses defendants sentenced under the Armed Career Criminal Act U.S.S.G. § 4B1.4, which was not used when calculating the petitioner's guidelines. Therefore, the petitioner's §2255 procedurally barred pursuant to 28 U.S.C. §2255(f)(3).

Accordingly;

**IT IS ORDERED** that James Brown Jr.'s motion to correct his sentence is **DENIED**.

New Orleans, Louisiana this 5st day of October 2017.

```
_____
          JUDGE JAY C. ZAINEY
        UNITED STATES DISTRICT JUDGE
```